DEXTER MOODY, Respondent, *v.* ADON SMITH, JR., et al., Executors, etc., Appellants.

An agent acting under parol authority may bind his principal by a contract for the sale of lands executed by him in the name of his principal.

Where, subsequent to the execution of a contract for the sale of lands, the vendor agrees by parol that the purchase-price may be paid by the vendee in work and labor, and where, after the performance of the work and labor, the vendor refuses or is unable to perform, an action may be maintained against him to recover the value of the work and labor. In ·such case, the statute of frauds has no application.

Where a principal has expressly authorized his agent to act or contract in his business to the benefit of the agent, the principal is bound; in such case, the rule, that he who undertakes to act for another shall not act for his own benefit, and to the detriment of his principal, has no application.

(Argued May 29, 1877; decided June 5, 1877.)

THIS action was brought to recover for work, labor, and services alleged to have been done and performed by plaintiff for defendants' testator.

Said testator, being the owner of certain premises, authorized by parol one G. W. S. Smith to sell the same, and to receive payment as he pleased; the latter executed, in the name of his principal, a written agreement to sell said premises to plaintiff, the amount of the purchase-money to ·be paid in carpenter work. Plaintiff had been doing certain work for Smith, which the latter agreed to apply toward the purchase. Smith subsequently entered into an agreement with plaintiff to the effect that the latter should do

work necessary to finish certain buildings being erected by Smith on his own lands, and that a sufficient portion of the contract price should be applied in payment of the purchase-price of said premises. While the work was in progress, defendants' testator executed and delivered to Smith a deed to plaintiff of the premises to be delivered when plaintiff was entitled to it. Smith, after the work was done, refused to deliver the deed, alleging that certain window casings were not sand-papered; plaintiff thereupon sand-papered the casings. The contract for the work required that it should be done to the entire satisfaction of the architect, Hall, who was to determine any questions between the parties. The work was done, as the referee found, according to the plans and specifications of Hall. Hall testified that he had not been called upon to determine any question between the parties. It appeared that the work was done under his constant supervision, and that he did not object to the manner of it or to the quality of the materials. There was some evidence that it would cost from sixty dollars to ninety dollars to finish the work according to the contract. There was, however, no finding or request to find that the character of the work fell short of the requirements of the contract. The work was not completed at the time named in the contract. Smith, when called upon to deliver the deed, did not raise this objection; there was also testimony tending to show that plaintiff was delayed by acts and omissions of Smith, and plaintiff was permitted to go on after the expiration of the time. Defendants' testator refused to convey to plaintiff, and subsequently conveyed to Smith who ousted plaintiff.

The referee directed judgment for the value of plaintiff's services to the extent of the purchase-price of the lot. *Held*, no error; that parol authority to Smith to make the contract for the sale was sufficient to bind his principal (*Worrall v. Munn*, 5 N. Y., 243); that the execution of the deed to plaintiff was proof of knowledge on the part of defendants' testator of the making of the contract, and of the oral agreement as to the mode of payment, and was a ratification of the contract and of the mode of payment; that the oral

agreement as to the mode of payment was not affected by the statute of frauds, and as plaintiff was not suing for a performance of the contract of sale, but upon the oral agreement, his action being based upon a refusal of plaintiff to perform it and thus pay for the work done, that the statute of frauds was not applicable (*Harvey* v. *Grabham*, 5 A. & E., 61, distinguished); that an oral variation to a written contract may be made available to a party to it otherwise than by a direct proceeding to enforce the contract as varied; the statute of frauds does not stand in the way (*Cummings* v. *Arnold*, 3 Metc., 486) ; that a party who has paid money in fulfillment of a verbal contract which the other refuses, or has become unable to perform, may recover it back (*Bowen* v. *Bell*, 20 J. R., 338; *Lockwood* v. *Barnes*, 3 Hill, 128); and may recover back property or its value in the same way (*Busford* v. *Pearson*, 9 Allen, 387) ; and the same rule applies to labor done; that, by the agreement to sell the lot and to take pay in work, by the subsequent agreement that work done for Smith should be applied in payment, and by the performance of such work to the full amount of the purchase-price, plaintiff had made full performance and was entitled to the consideration; and, as defendants' testator by conveying the premises had put it out of his power to perform, and as he refused to perform, plaintiff was entitled to recover what he had done in performance — *i. e.*, the value of his work and labor up to the contract price ; also, *held*, that, in the absence of findings of the referee or requests to find that the character of the work fell short of the requirements of the contract, the judgment could not be disturbed on that account ; also, that a substantial compliance was all that was required (*Glaucius* v. *Black*, 50 N. Y., 145), and the referee was justified in considering that this had been made.

Defendant invoked the rule that he who undertakes to act for another, by authority from him, cannot act for his own benefit to the injury of the principal. *Held*, not applicable ; as a principal may, as here, give an agent express power to act in the business of the principal so that the agent may reap a benefit, and in such case the principal is bound by the acts of the agent.

*John E. Parsons*, for appellants.

*Esek Cowen*, for respondent.

FOLGER, J., reads for affirmance.
All concur, except RAPALLO, J., absent.
Judgment affirmed.