EDWARD SELLECK, Respondent, *v.* JACOB B. TALLMAN, Appellant.

By the terms of a contract for the sale of certain lands by defendant to plaintiff, the latter agreed to pay a portion of the purchase by executing and delivering his bond, secured by mortgage on the premises, and the remainder in cash, " on delivery of the deed on the first day of April, A. D. 1879, ' at a place specified ; defendant " on receiving such payment at the time, and in the manner above mentioned,'' agreed to deliver a deed. At the time and place specified the parties met ; defendant produced a deed bearing date February 19 1879, the day the contract was executed ; plaintiff produced and handed to defendant the bond and mortgage, and had a certified check for the cash payment called for ; neither party made a tender. Defendant claimed that he was entitled to interest on the whole purchase-money from the date of the contract ; after discussing the subject, he and his counsel left the room for consultation, and upon their return, defendant offered to carry out the contract according to its terms; he neither expressly withdrew his construction of the contract, or intimated that he had changed his mind, and made no proposal to change the date of the deed    In an action to compel specific performance, *held*, that the action was maintainable without a formal tender ; that defendant having taken an untenable ground, if he changed his views, or receded from his position, he was bound to notify plaintiff, and his refusal to pass the title, except upon payment of the interest claimed, was a good excuse for not making such tender.

(Argued October 25, 1881 ; decided November 22, 1881.)

APPEAL from order of the General Term of the Court of Common Pleas in and for the city and county of New York, made June 7, 1880, which reversed a judgment in favor of defendant, entered upon a decision of the court on trial at Special Term.

This action was brought to compel the specific performance of a contract between the parties made February 19, 1879, by which the defendant agreed to sell and the plaintiff to purchase certain real estate in the city of New York, for the sum of $75,000, payable as follows : $1,500 in cash on the execution of the contract, $34,500 by assuming mortgages on said premises to that amount; $37,500 by giving a purchase-money mortgage bearing even date with the deed, and " interest from the

date thereof;" $1,500 in cash " on the delivery of the deed on the first day of April, A. D. 1879," at a place specified, at which time and place said mortgage for $37,500 was to be delivered. The parties met on the day and at the place fixed for the consummation of the contract; the defendant produced but did not. formally tender a deed of the premises, dated February 19, 1879; he insisted upon interest from the date of the contract, to which plaintiff's attorney objected, on the ground that the date should have been April 1, 1879, and that interest should run from that date. Defendant insisted on his construction of the contract upon this point, and did not thereafter make any tender or offer of performance on his part, nor was there any affirmative or express withdrawal of the construction and condition so insisted on by him. After retiring from the room for the purpose of consultation with his counsel upon this subject he returned and. offered to carry. out the contract according to its terms, but said nothing to indicate that he had changed his construction thereof in respect to the said claim for interest. At this interview the plaintiff produced and handed to defendant or his counsel the bond and mortgage called for by the contract and had a certified check for $1,500, but made no formal tender.

*James M. Smith* for appellant. A contract will not be reformed unless to make it comply with what the contracting parties mutually understood and agreed at the time it was executed. (*Kent* v. *Manchester*, 29 Barb. 595; *Wells* v. *Gates*, 44 N. Y. 525; *Jackson* v. *Andrews*, 59 id. 244; *Nevins* v. *Dunlap*, 33 id. 680.) The covenants contained in the agreement are dependent covenants. The defendant was not bound to deliver the deed unless he received the mortgage and the money. (*Carman* v. *Pultz*, 21 N. Y. 549; *Tompkins* v. *Ellott*, 5 Wend. 498.) Where the vendor does not show that he was ready and willing to perform, and where the purchaser shows he was ready, and offered to perform, the vendor cannot have judgment of specific performance. (*Haight* v. *Child*, 34 Barb. 182; Gerard's Title to Real Estate, 477, 478; *Voorhees*

*v. De Meyer,* 2 Barb. 45; *Laird* v. *Smith,* 44 N. Y. 625.) Although part payment has been made by the vendee, that is not such part performance as will entitle a vendee of lands to a specific performance under the circumstances the evidence in this case presents. (*Haight* v. *Child,* 34 Barb. 186, 191; *Malins* v. *Brown,* 4 Comst. 410; Story's Eq. Jur., §§ 760, 761; *Rhodes* v. *Rhodes,* 3 Sandf. Ch. 279; 4 Kent's Comm. 471; Sug. on Vend., chap. 3, § 3, p. 112 [7th ed.]; *Grant* v. *Johnson,* 1 Seld. 254, 255; *Evans* v. *Harris,* 19 Barb. 422.) It is not the province of a court of equity to relieve against inexcusable *laches.* (*Morange* v. *Morris,* 3 Keyes, 48.) As there is no ambiguity in the contract, the same being clear and explicit in its terms, the parties must abide by its terms. (*Laird* v. *Smith,* 44 N. Y. 624; 3 Pars. on Cont. 383, 384, 385, 386; *Wells* v. *Smith,* 7 Paige, 22; *McKay* v. *Carrington,* 1 McLean, 59; *Reed* v. *Chambers,* 6 Gill & J. 490; *Smith* v. *Brown,* 5 Gilm. 309; Fry on Specific Performance, 415; *Stoddard* v. *Hart,* 23 N. Y. 562; Fry on Specific Performance, §§ 709, 710, 711, 713; *Benedict* v. *Lynch,* 1 Johns. Ch. 375, 379; *Dominick* v. *Michael,* 4 Sandf. 426; 3 Pars. on Cont. [5th ed.] 384, 386; *Merchants' Bk.* v. *Thompson,* 55 N. Y. 16; *Lloyd* v. *Collett,* 4 Bro. C. C. 469; *Fries* v. *Rider,* 23 N. Y. 367, 370, 371; *Stoddart* v. *Hart,* 24 id. 562.)

*Luther R. Marsh* for respondent. The refusal of the defendant to pass the title except on the condition of the payment of interest from February 19th, excused the plaintiff from making any formal tender of performance on his part. (Fry on Spec. Perf., § 619.) Time, here, was not of the essence of the contract, and under the circumstances there was no *laches* on the plaintiff's part. (*Mer. Bk.* v. *Thompson,* 55 N. Y. 712; *Hubbell* v. *Von Schœning,* 49 id. 326; *Wormser* v. *Garvey,* 11 Hun, 476; *Myer* v. *De Meir,* 52 N. Y. 647; *Stevenson* v. *Maxwell,* 2 id. 408.) Time not being of the essence of the contract, and no notice having been given by the seller requiring performance within a specified time, the plaintiff is not barred of his right to have a specific perform-

ance. (*Myers* v. *De Mier*, 4 Daly, 343; 52 N. Y. 647; Fry on Spec. Perf., § 728.)

*Per Curiam.* It is not disputed, and the judge before whom this case was tried found among other things that at the time and place fixed by the contract the parties met, and the defendant produced a deed of the premises mentioned, executed by himself and wife, and dated February 19, 1879, but did not formally tender the same to the plaintiff; that it was then and there claimed on behalf of the defendant, through his agent and counsel, that the true construction of the contract was that the interest should be paid on the whole purchase-money from February 19th, and that there was no express or affirmative withdrawal of the construction so insisted upon. The evidence and the findings also establish that after discussing the subject the defendant and his counsel retired to another room for consultation, and upon their return the defendant offered to carry out the contract according to its terms. He made no remark, and gave no indication whatever that he had changed his mind as to the construction of the contract in respect to the interest, and made no proposal to change the date of the deed.

The defendant was clearly wrong as to the interest, and was we think bound to say so if he had changed his conclusion on the subject. He had withdrawn to consider that question and upon his return was clearly called upon to speak on the subject, and to express his views if they were changed, so that the plaintiff could know and understand that such was the fact. By his silence he assented to the idea that he still maintained his former position, and the plaintiff would naturally and necessarily infer that such was the case. Having thus led the plaintiff to such a reasonable conclusion he has no ground for complaint that the plaintiff did not tender either the money or the mortgage. On the start, and throughout, his attitude was that he had a right to interest from the 19th of February, and from this position he never receded. Upon his return he did not even hesitate. He said he would fulfil according to

the terms of the contract. What terms did he mean? Clearly such as he had previously indicated, as he stated no other, or in any form intimated that he had changed the views which he had previously entertained. If he had intended to change the terms, he could and should have so expressed himself, and thus remove the main obstacle which he had interposed to the fulfilment of the contract at the commencement of the interview. The plaintiff at the time produced and handed to the defendant the bond and mortgage, and had a certified check, called for by the contract. As, however, the defendant had demanded terms which were not within the contract, it would have been a useless ceremony to have tendered them to the defendant. Under the circumstances the refusal of the defendant to pass the title except upon payment of interest, as he claimed, was an ample excuse to the plaintiff for not making any formal tender of performance on his part. It was the defendant's neglect or default, which prevented the plaintiff from fulfilling (Fry on Spec. Perf., § 619), and he has no ground for claiming that the fault was with the plaintiff.

For the reasons stated without considering the other questions raised, the order of the General Term should be affirmed and judgment absolute ordered for the plaintiff.

All concur.

Order affirmed and judgment accordingly.