(18 App. Div. 144.)

### WHITE et al. v. TRUMAN.

(Supreme Court, Appellate Division, Second Department.   May 21, 1897.)

VENDOR AND PURCHASER—TENDER OF DEED.
　　The vendor, under a contract of sale, need not tender a deed in order to put the purchaser in default, where the purchaser requested that the execution of the deed be postponed, and afterwards refused to perform the contract.

Appeal from special term, Westchester county.

Action by Constant White and Louisa White against James C. Truman for breach of covenant. There was a judgment in favor of plaintiffs, and defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

Eugene Treadwell, for appellant.
Franklin Couch, for respondents.

HATCH, J. The question presented in this case is very narrow in compass. It is agreed that the parties entered into a written contract, under seal, whereby the defendant agreed to purchase, and the plaintiffs agreed to sell, a certain farm, situate in the town of Yorktown, county of Westchester, for the sum of $12,000, payable at stipulated times. At the same time another agreement under seal was made and executed between the same parties, whereby it was agreed that, in case of the failure of either party to fulfill the terms and conditions of the first contract, the party so failing should

pay to the other party the sum of $3,000 as liquidated damages for the breach.   The court found that the defendant failed to fulfill the contract according to its terms, and that prior to the commencement of this action he notified plaintiffs that he did not intend to perform the contract upon his part.   The evidence is sufficient to support these findings.   It appeared, without dispute, that, prior to the date when the deed of the property was to be executed and delivered as the contract required, the defendant requested that its execution be postponed, and that in pursuance of such request it was not executed.   The defendant now insists that there can be no recovery under the contract, because no deed was made and tendered before the commencement of this action, and plaintiffs did not show ability and willingness to perform.   The evidence tends to show that, before the parties were to meet and execute the deed, the defendant requested that it be not executed, as he might sell the farm in the meantime, and would wish the deed made directly to the purchaser. Subsequently he refused to fulfill the contract, and requested its cancellation.   This act dispensed with necessity for executing and tendering the deed.   Baumann v. Pinckney, 118 N. Y. 604, 23 N. E. 916. The contract recited the existence of the property, and referred in terms to the deed that was to be executed, and the description which the same was to contain.   The proof was that this deed was not made out and tendered for the reason that the defendant failed to give the name or fulfill the contract; that the parties were always ready to make the deed.   The defense proceeded entirely upon the theory that there had been a rescission and abandonment of the contract, and no· claim was made that the defendant could not obtain what he contracted for, if he was willing upon his part to fulfill, and had not repudiated, his engagement.   This testimony was therefore sufficient to uphold the finding that the plaintiffs were ready and willing to fulfill their contract and execute a good and sufficient deed.   Nothing further was necessary to enable the plaintiffs to maintain this action. Baumann v. Pinckney, supra; Skinner v. Tinker, 34 Barb. 333; Woolner v. Hill, 93 N. Y. 576.   No point was made by the defendant that the plaintiffs did not have title to the property, or that the deed which they were willing to execute would not convey good title to the land.   The doctrine of Bigler v. Morgan, 77 N. Y. 312, and kindred cases, is therefore without application.

The judgment should be affirmed, with costs.   All concur.