(20 App. Div. 121.)

### O'NEILL v. BARRY.

(Supreme Court, Appellate Division, Fourth Department. July 29, 1897.)

APPEAL—REVIEW OF FINDINGS OF REFEREE.

On the hearing of plaintiff's claim against the estate of her deceased brother, before a referee, it appeared that claimant and testator had paid off a certain mortgage against their father; and there was a serious conflict in the evidence as to the question whether claimant loaned to testator the money so furnished by her, or joined with testator in contributing it for the benefit of their father. Held, that a finding against claimant should not be disturbed, as the referee had the advantage of seeing and hearing the witnesses, in order to judge of the truthfulness of their testimony.

Appeal from judgment on report of referee.

Claim of Ellen O'Neill against John Barry, as executor of the last will and testament of Patrick Tighe, deceased. From a judgment entered on the report of Charles E. Ide, referee, to whom said

claim was referred to be heard and determined, under the statute, with the assent of the surrogate, claimant appeals. Affirmed.

Argued before HARDIN, P. J., and ADAMS, GREEN, and WARD, JJ.

M. E. Driscoll, for appellant.

Williams & Cowie, for respondent.

HARDIN, P. J. Plaintiff was a sister of Patrick Tighe. He died in Onondaga county, and his will was duly probated, and letters testamentary were issued to the defendant; and, after the defendant had advertised for claims against Patrick's estate, the plaintiff presented a claim for $600. The executor rejected the claim, and entered into a stipulation, pursuant to section 2718 of the Code of Civil Procedure, referring the claim to the referee named, to hear and determine. Prior to July, 1892, Michael Tighe, father of the plaintiff and of the testator, executed a real-estate mortgage upon property in the province of Ontario, and in July there remained in arrears upon that mortgage something like $1,000 of principal and $212 interest. Plaintiff met the deceased at her father's house in Canada in July, 1892, and she had with her, at that time, $600 in currency, and it was arranged that her brother and she should visit McNab, and pay off the balance remaining due upon the mortgage held by him against their father; and accordingly they went to McNab, and delivered to him the money necessary to obtain a discharge of the mortgage against the father, and the discharge was executed by McNab upon receiving the balance due upon his mortgage.

The vital question involved in the case was whether there was a loan by the plaintiff to her brother Patrick on the occasion of the adjustment with McNab. In behalf of the plaintiff, evidence is given tending to show that she loaned the $600 to Patrick; whereas there is some evidence tending to show that, instead of its being a loan to Patrick, she joined with Patrick, her brother, in contributing the money for the benefit of the father to raise the mortgage from the father's estate. There is a very severe conflict in the evidence. The plaintiff produced several witnesses who testified to the admissions of Patrick, which, if believed to the full extent of the language used by the witnesses, would induce the belief that there was a loan, instead of an advance, in aid of her father in retiring the mortgage from his premises. The referee saw the witnesses, and heard their testimony, and had before him all the circumstances relating to the question of fact, and presumably was in a better situation than we are to determine whether the witnesses who testified to the alleged admissions of the deceased were reliable or not. McCabe v. Green (Sup.) 45 N. Y. Supp. 724. He has, upon all the facts disclosed at the hearing, and upon all the testimony delivered, determined the vital question of fact adverse to the plaintiff. His findings are, viz.:

"That said sum of money was delivered to the testator to be used, and was used, in paying off a mortgage on the farm of Michael Tighe, the father of both plaintiff and testator; that the said sum was not delivered by claimant

to or received by said deceased as a loan or advance, but to be used on behalf of the claimant in paying off said mortgage."

In quite an extensive opinion delivered by the referee, he states properly the rules of law applicable to admissions; and, in considering the evidence of such admissions, he applies the principle laid down in the following cases: Law v. Merrills, 6 Wend. 268; Van Slooten v. Wheeler, 140 N. Y. 624, 35 N. E. 583. Although, upon reading the testimony found in the appeal book, we might have some hesitation in reaching the same conclusion that has been stated by the referee, yet we are not at liberty to apply such impressions as we derive upon perusal of the evidence, without giving due weight and consideration to the circumstance that the referee saw the witnesses, heard their stories, and was enabled to judge of the truthfulness of their statements in a more satisfactory manner than we can be upon a perusal of their evidence, and we must to some extent be influenced by the conclusion of the referee; and we therefore are of the opinion that, under the circumstances, we are not at liberty to disturb the conclusion reached by him upon the questions of fact. Titus v. Perry, 13 N. Y. St. Rep. 237. In Roosa v. Smith, 17 Hun, 138, the rule was laid down, which has been found quite satisfactory, in respect to the report of a referee upon conflicting evidence in a case somewhat similar to the one now under consideration. Applying the rule there laid down, we ought not to disturb the referee's report. That rule has been followed in Teeter v. Teeter (Sup.) 20 N. Y. Supp. 259; Stanley v. Bank, 41 Hun, 640, affirmed 115 N. Y. 122, 22 N. E. 29; Sackett v. Thomas, 4 App. Div. 448, 38 N. Y. Supp. 608. It was the duty of the referee to scrutinize closely the witnesses who sought to establish a claim against an estate, especially as this claim was not supported by any written evidence, and especially as it was somewhat exceptional and unreasonable that the deceased should borrow $600 from his sister, without giving any written evidence or voucher therefor. It was the duty of the referee to require satisfactory evidence of the existence of the claim before allowing the same against the estate. Kearney v. McKeon, 85 N. Y. 139; Rowland v. Howard, 75 Hun, 1, 26 N. Y. Supp. 1018; Van Slooten v. Wheeler, 140 N. Y. 624, 35 N. E. 583. In the latter case it was said: "The courts should see to it that such estates are fairly protected against unfounded and rapacious raids." The doctrine of that case was followed by this court in Yates v. Root, 4 App. Div. 439, 38 N. Y. Supp. 663.

We have looked at the exceptions taken during the progress of the trial with some care, and we do not find that any of them present any error which warrants us in interfering with the report of the referee. The learned referee has stated his views of the case in an opinion, and quoted authorities in support of his views of the evidence, and we find no occasion to differ from him in respect to the rule of law or the evidence which he adverts to in such opinion.

Judgment affirmed, with costs. All concur.