GOLDSMITH
v.
OSBORNE.

---

GOLDSMITH *vs.* OSBORNE.

---

If a mortgagor is driven to file a bill, it must be one to redeem. He cannot file a bill merely to set aside a sale and have the property resold, even though the mortgagee may have inequitably made use of his power to sell and unfairly bought in the property.

---

*February* 11, 1833.

*Mortgagor and Morgagee.*

On the twentieth day of October one thousand eight hundred and eighteen the plaintiff gave his note to one Benjamin Case for two hundred and fifty dollars, under seal, payable on demand, with interest; and, to secure the payment, he, at the same time, mortgaged to the said Benjamin Case certain premises at Southold in the county of Suffolk. The mortgage contained the usual power of sale. Abigail, the wife of the complainant, joined in the mortgage and duly acknowledged it; and, it was afterwards recorded.

On the same day the complainant gave a similar note for two hundred and twenty-two dollars and eighty-four cents to one Sarah Fleet; and a mortgage of the same premises was executed to her by the complainant and his said wife, Abigail, which was also duly acknowledged and recorded.

These two mortgages were afterwards assigned to Thomas Osborne, the defendant. He was the brother of the complainant's wife.

Osborne proceeded to foreclose the mortgages under the power of sale; and advertised the property to be sold on the twelfth day of June one thousand eight hundred and twenty-six. At the sale, he gave notice to the by-standers that he should require the purchase money to be all paid down and in specie and also that the premises were to be sold subject to the dower of Abigail, the wife of the complainant, notwithstanding she had joined in the mortgages.

The bill stated the premises to be worth nine hundred dollars; and charged, that in consequence of the notice given at the sale, the property was sold at three hundred and fifty dollars and was bought in by the defendant, who soon after took possession.

It further stated, that the defendant had commenced two suits against the complainant, one on each of the notes, to recover the balance due on the same, after deducting the proceeds of the sale, and in one of which he had obtained judgment; that the complainant had applied to him and requested him to consent to a resale of the premises on reasonable terms: that he had consented to a resale on reasonable terms, as regarded the payment of the purchase money only, but would not consent to such terms in relation to the dower, insisting upon it that he had a right to make the reservation, and threatening to proceed and sell under the judgments obtained and to be obtained in the aforesaid suits; and urging that the purchaser under such judgments would take the premises, subject to the wife's right of dower.

The bill prayed an account of what was due upon the notes and a resale of the premises on fair terms, free and clear of

1833.

GOLDSMITH
v.
OSBORNE.

1833.

GOLDSMITH
v.
OSBORNE.

the right of dower, and an injunction against selling under the judgments. The injunction had been denied.

The defendant put in a general demurrer for want of equity ; " and that any discovery which could be made by this defend- " ant touching the matters complained of in the said bill or any " of them cannot be of any avail to the said complainant for " any of the purposes for which a discovery is sought against " this defendant by the said bill nor entitle the said complain- " ant to any relief in this court touching any of the matters " therein complained of ; wherefore, &c." The complainant's poverty was suggested.

Mr. *William N. Dyckman, jr.* in support of the demurrer.

Mr. *D. Robert,* for the complainant.

THE VICE-CHANCELLOR. The question whether the defendant could sell the mortgaged premises under the power contained in the mortgage, with a reservation of the dower of the mortgagor's wife in case she survived him, is not material to be settled at present.

There are other circumstances connected with the sale which would be sufficient to invalidate it. I refer to the defendant's conditions of sale ; and his refusal to vary them. He required payment and performance of the purchase within an hour's time after the sale ; and also, that such payment should be made in specie. The remonstrances of persons who went to purchase were not attended to by him. All this was evidently done in order to deter persons from buying the property and the better to enable the defendant to get it at his own price. This is a practice out of the usual course of statutory sales. It is oppressive and unjust towards a mortgagor. The court will not countenance such proceedings. It is a course of conduct sufficient to authorize a court of equity to set aside a sale ; and is also enough to allow me to consider the defendant as a mere mortgagee in possession, and the complainant entitled to all the rights and privileges of a mortgagor.

It will be necessary, therefore, to view the parties as mortgagor and mortgagee; and revert to the powers of the former as such. He has not the right to file a bill for the purpose of having the property sold. He can sell his equity of redemption, without the interference of a court of chancery. But if he will come into this court with a bill against a mortgagee, even where the latter is in possession, he must offer to redeem. The bill, it is true, may pray for an account; but if any thing is due from the mortgagor for principal or interest, the mortgagor must offer to pay it. He cannot ask to have the mortgagee turned out of possession and the property sold to pay the mortgage debt. The mortgagee is entitled to hold until the amount of his debt is actually paid into his hands: 1 *Powell on Mortgages*, 338; *Postlewaite* v. *Blythe*, 3 *Mad.* 242, *S. C.* 2. *Swanst.* 256.

If the mortgagor is driven to the necessity of filing a bill, it must be one to redeem. This court can only relieve him against his mortgagee by allowing a redemption. *Burnett* v. *Denniston*, 5. *J. C. R.* 35.

The complainant suggests his poverty; but this is not enough to help him.

As the bill is not filed for a redemption, the demurrer must be allowed, with costs.