## DAUBENSPECK *et al.* v. PLATT *et al.*

A MORTGAGOR may, in this State, maintain an action to redeem the mortgage.

The plaintiff in an action to redeem a mortgage need not allege or prove a tender of the amount due upon the mortgage debt previous to the commencement of the action.

Where property is mortgaged by an unrecorded deed, absolute upon its face, accompanied by a separate defeasance, possession and actual occupation by the mortgagor is notice of his title to a purchaser from the mortgagee. '

APPEAL from the Fifth Judicial District.

The facts are stated in the opinion of the Court.

*Tod Robinson*, for Appellants.

In a bill to redeem it is not necessary to allege a tender of the

money due, nor is it necessary to prove a readiness or ability to pay at any time previous to the decree. (*Gordon* v. *Hobart*, 2 Sum. 401; *Gordon* v. *Lewis*, 2 Id. 143; *Upham* v. *Brook*, 2 Story, 623; *Smith* v. *Bailey*, 10 Ver. 163; *Perrine* v. *Dunn*, 4 Johns. Ch. 160; *Beekman* v. *Frost*, 18 Id. 560, 70; *Dunham* v. *Jackson*, 6 Wend. 22; *Waller* v. *Harris*, 7 Paige, 167; *Goldsmith* v. *Osborne*, 1 Ed. 560; *Turner* v. *Turner*, 3 Munf. 66; *Edgerton* v. *McRae*, 5 How. 183; *Butt* v. *Bondurant*, 7 Mon. 421; Equity Draftsm. 60; *Columbia Government* v. *Rothschild*, 1 Sim. 103; 2 Daniell's Chancery, 1205–1207; *Dorsey* v. *Borbee*, Lit. Sel. Cases, 204.)

*H. P. Barber*, for Respondents.

I. Under our system no bill to redeem will lie before foreclosure. Under the old doctrine of mortgages, where the mortgagee might maintain ejectment after condition broken, and obtain possession of the premises, (the mortgagee being considered as having the legal title) and where no limitation barred a mortgage, a party would necessarily be compelled to file a bill to redeem; for the mortgagee having the legal title and being in possession, the mortgagor possessed only an equitable right, to enforce which he must ask the assistance of a Court of Chancery. But as the mortgagor is now held to possess the legal title, and the mortgagee cannot enter without foreclosure and sale (Practice Act, Sec. 260), and four years bar the mortgage by limitation, *cui bono* a bill to redeem? If the mortgagee, or his assigns, be in possession wrongfully, ejectment will lie by the mortgagor. If rightfully, by consent of the mortgagor, payment or tender destroys that right, and makes further possession wrongful, and ejectment still lies. Nor can the mortgagor suffer; for the mortgagee's claim is barred in four years, whereas the mortgagor has five to bring his ejectment. The right to redeem is founded on an equitable title, whereas the mortgagor (until Sheriff's deed) has the legal title, and can enforce his rights by legal remedy. (*Johnson* v. *Sherman*, 15 Cal. 292; *Goodenow* v. *Ewer*, 16 Id. 456.) The decree on a bill to redeem under the old system, gave leave to redeem by payment within a certain time after forfeiture, which would be utterly useless under our system.

For if the decree ordered payment or final forfeiture, at any time before actual foreclosure, the defendant would still have his statute right of redemption within six months after sale, of which the Court could not deprive him; and if the decree fixed the time of payment beyond the time allowed by law for redemption, it would be a nullity, provided defendant had had his day in Court.

II.   There is no allegation in the bill either of tender of the amount due, payment, or of any willingness or ability to pay. This is a *sine qua non* in a bill for redemption.   (7 Dana, 300; 6 Gill & Johns. 18; 1 A. K. Marsh, 287; 4 Mon. 343; 1 Ed. Ch. 560.)

III.   Plaintiffs allege in the bill payment of a portion, and that they have offered to pay Platt the residue.   Both these facts are absolutely denied in the answer of Platt, and no proof thereof was offered by plaintiffs at the hearing.   The plaintiffs made certain allegations of vital importance to their case in the bill, as follows: That their defeasance was not recorded through the fraud of Platt —that plaintiffs paid and discharged a portion of their alleged indebtedness to Platt—that plaintiffs had " offered " to pay him the balance due on the alleged mortgage—that Platt's co-defendants took their deed from him fraudulently.   These allegations were all specifically denied by the answer, and plaintiffs gave no evidence on the hearing in any manner sustaining the same.   What could the Court do but to dismiss the bill, even so far as the merits were concerned ?

IV.   The co-defendants of Platt were *bona fide* purchasers for a valuable consideration without notice.   The evidence falls far short of showing that they knew or even supposed the transaction was a mortgage; the evidence goes to show conclusively that they supposed it to have been a conditional sale.

V.   If Platt's co-defendants were entitled to a dismissal of the bill as against them, how could it possibly be retained as against Platt ?   By plaintiffs' own laches in not recording their defeasance, Platt's co-defendants had become *bona fide* purchasers for a valuable consideration without notice, and the legal title had vested in them without reserve.   What then remained for plaintiffs to " redeem " from ?   The only remedy then left to plaintiffs would

be at law against Platt, to recover damages in an action on the case.

VI.   The bill is so multifarious and anomalous that the Court would dismiss it of its own motion.   (3 How. 333 ; 5 Id. 132 ; 3 Hump. 640 ; 6 Munf. 20.)

NORTON, J. delivered the opinion of the Court—COPE, C. J. and CROCKER, J. concurring.

This is an action brought to redeem certain real estate from an alleged mortgage executed by the plaintiff to the defendant Platt, and to have a deed of the premises from Platt to the other defendants set aside and declared void.

The averments of the complaint, so far as they are material for this decision, are, in substance, that on the twenty-eighth day of October, 1861, the plaintiffs borrowed of Platt the sum of $6,000, and as security for the repayment executed to him a deed of the premises, being a tract of three hundred and twenty acres, absolute on its face, and that at the same time, as a part of the transaction, a defeasance in the form of a separate agreement was executed between the parties, by which the plaintiffs agreed to pay to Platt $6,000 and interest, on or before the first day of March, 1862, and he agreed to reconvey to them the premises on that day ; that the deed was recorded but the defeasance was not recorded ; that between the first and tenth days of March, 1862, the plaintiffs have paid to Platt the sum of $4,570, by a transfer of a quantity of brandy and wine, the product of said premises, and since the tenth day of March, 1862, have offered to pay the balance due on said loan ; that at and ever since the making of said instruments the plaintiffs have been in the open and notorious possession of two hundred and twelve acres—part of said tract; that on the tenth day of March, 1862, Platt conveyed the premises to the other defendants, and that at the time of such conveyance the grantees knew of the existence of the said agreement to reconvey.   The complaint then prays that an account may be taken of the balance still due to Platt, and that the plaintiffs be allowed to redeem, and that upon payment the deed from them to Platt be annulled, and the deed from Platt to the other defendants

be declared void, and asks for certain other special relief, and for such other or further relief as to equity and justice may appertain.

The answer of Platt denies that the transaction was a loan, but avers that it was a purchase, and states that the agreement to reconvey was made after the sale, and denies any payment by a transfer of any brandy or wine or otherwise, or any offer to pay, or tender of any sum of money pursuant to said contract of defeasance.

The other defendants deny any knowledge of the existence of said agreement of defeasance at the time of their purchase, and aver that they are *bona fide* purchasers for cash paid at the time of purchase.

The answer of Platt and the answer of the other defendants admit that the plaintiffs were living upon the premises at the time of the conveyance by Platt to the other defendants, Platt averring that they were occupying as his tenants, and the other defendants averring that they only resided on the premises, but that Platt conducted the business of the ranch, and that Platt at the time of his conveyance to them assured them that there would be no difficulty about the plaintiffs leaving.

The deed from the plaintiffs to Platt and the agreement of defeasance bear the same date, and the proof shows that they were prepared and executed at the same time, and the defeasance contains a positive agreement by the plaintiffs to pay the money. These circumstances establish that the transaction was a loan and that the deed and defeasance together constitute a mortgage.

On the trial, after the plaintiffs had closed their testimony, " the defendants moved the Court to dismiss the complaint as to Platt, because the plaintiffs had introduced no evidence to prove a tender or offer to pay to the defendant Platt the amount due to him in case the deed from the plaintiffs to him was a mortgage. And as to the other defendants, because there was no evidence whatever against them." This motion was granted. A motion for a new trial was denied, and from the order denying that motion and from the judgment entered in the action the plaintiffs appeal.

The dismissal of the complaint on the grounds stated was erroneous. Although it is common in a bill to redeem to state that an

offer to pay has been made, this is not necessary. A bill to redeem does not proceed upon the ground that the complainant has an absolute right to a reconveyance or a cancellation of the mortgage, because the debt has been paid or extinguished by a tender, but it asks leave to pay it as still existing, and upon leave being granted the complainant usually is charged with the costs of the action. In case any payments have been made, either directly or from the rents of the mortgaged premises, it is usual to ask that an account be taken, and for leave to redeem by paying any balance that may be found due. (*Stapp* v. *Phelps*, 7 Dana, 300 ; *Goldsmith* v. *Osborne*, 1 Edw. Ch. 560.) And when the plaintiffs' proofs were closed they had made out a *prima facie* case against the other defendants. They had proved that the transaction was a loan, and that the deed from them to Platt, although absolute on its face, was, in consequence of the defeasance, only a mortgage. They then had a right to redeem as against Platt and as against any purchasers from Platt, unless they were *bona fide* purchasers for value without notice. It is not necessary to say whether, under the pleadings in this case, the burden of proof was on the defendants to show that they were such *bona fide* purchasers without notice ; because the complaint averred that at the time of the conveyance from Platt to the other defendants, they, the plaintiffs, were in the open and notorious occupation of the premises ; and, this averment is not only not denied, but the answer admits that they were residing upon the premises; and the fact of such residence was actually known to them, and was a subject of consideration between them and Platt at the time of their purchase. This was sufficient to put them upon inquiry, and to charge them with notice of the plaintiffs' rights. (*Pritchard* v. *Brown*, 4 N. H. 397 ; *Hunter* v. *Watson*, 12 Cal. 404.)

It is urged that an action to redeem does not lie in this State before foreclosure. There is no peculiarity in the laws of this State in reference to mortgages which takes from a mortgagor the right to redeem which exists in other States. Our statute provides that a mortgage shall not be deemed a conveyance so as to enable the holder to recover possession of the mortgaged premises without a foreclosure. This enables a mortgagor to hold the possession as

owner until his title is divested by a foreclosure, but does not take from him the right to disincumber the land by a voluntary payment after a default to pay at the time provided in the mortgage. Although a redemption may not now be necessary after default in order to repurchase the legal title, it is still an important right in order to the full beneficial enjoyment of the property. Mortgages have long been treated as only liens, whether before or after default (*Dutton* v. *Warshauer*, 21 Cal. 609), and a bill to redeem has practically only been a proceeding to remove the incumbrance.

What may be the exact character or extent of the relief the plaintiff will be entitled to against Platt and the other defendants respectively, it is not necessary now to decide. They were all proper parties, and if there may be a question as to some part of the relief asked against the defendants other than Platt, we do not think the allegations in that behalf require this Court to sustain the judgment of dismissal upon the ground of misjoinder of causes of action after that question had been decided on the demurrer, and the defendants had answered over, and the case has been tried and decided on the merits.

Judgment reversed and cause remanded for further proceedings.