## ANDREW BRIGGS *vs.* WILLIAM P. DAVIS.

A divorced woman, in whose favor land of her former husband stood attached to secure his payment of alimony to her, filed a bill in equity to redeem it from a mortgage; and four years afterwards, pending her bill, he brought a suit for the same purpose, in which the mortgagee did not appear. *Held*, that she should be joined in his bill as a defendant, on her own motion; that his right to redeem should be decreed conditional on his payment of the costs of her suit, and limited to thirty days from the date of the decree; and that, if he should not redeem within that time, she should be permitted to prosecute his suit for her own exclusive benefit.

BILL IN EQUITY filed April 3, 1871, to redeem land in Lawrence from a mortgage. The mortgagee was duly summoned as a defendant, but did not appear. At April term 1871, Aldusta A. Briggs, formerly the plaintiff's wife, (who obtained a divorce against him from bed and board in this court at April term 1864,) was on her motion joined by order of *Morton*, J., as a defendant, and the plaintiff alleged exceptions. The case was afterwards heard by the chief justice and reserved for the determination of the full court, upon the pleadings, exceptions, and a statement of facts agreed by the plaintiff and Mrs. Briggs, the substance of all which appears in the opinion. The court were to pass such order thereupon as the facts should require; and it was further agreed

that " such decree as may be directed by this court upon the foregoing facts " should be entered in a suit in equity brought in the superior court by Mrs. Briggs in February 1867, and still pending, to redeem the land from the same mortgage.

*S. B. Ives, Jr., & S. Lincoln, Jr.,* for the plaintiff.

*E. J. Sherman,* for Mrs. Briggs.

CHAPMAN, C. J. The case comes before us upon the motion of Aldusta A. Briggs, the wife of the plaintiff, to be admitted as a party to the bill, in order that she may protect her rights. She had a right of dower in the premises, which she released by joining in the mortgage. She afterwards obtained a divorce against her husband from bed and board, with alimony which is secured by an attachment of this property. And this attachment stands continued for her security. Having thus a right to redeem if her husband did not, she brought a bill to redeem in the superior court, to which the defendant Davis demurred ; and the demurrer was overruled, and the suit is still pending.

But as the husband owned the estate to which her right of dower was incident, he had a paramount right to redeem if he would ; and he has accordingly brought this bill. He should have a reasonable time to complete the redemption. This need not be long, as the defendant does not appear ; and we think he should be allowed thirty days from the time of filing the decree to be made upon this hearing. As her suit was properly brought, and the plaintiff's redemption of the premises will supersede it, he ought to pay the costs of that suit, if he proceeds to redeem.

She has a right to redeem if he does not, and ought not to be unreasonably delayed. If therefore he delays beyond the time above named, she should be permitted to prosecute his bill on her own behalf, and for her own exclusive benefit. A decree is to be made accordingly, and the case to stand for further directions.

*Decree accordingly.*