GEORGE A. DARY, administrator, *vs.* HENRY KANE.

Suffolk. January 23, 1893. — March 3, 1893.

Present: FIELD, C. J., ALLEN, HOLMES, LATHROP, & BARKER, JJ.

*Bill to redeem Land from a Mortgage — Statute — Jurisdiction — Title of Administrator — Averment of Possession.*

A bill to redeem land from a mortgage comes within the St. of 1883, c. 223, § 13, which provides that suits may be brought in any county where a transitory personal action between the same parties might be brought.

The interest and title of an administrator in and to an equity of redemption are sufficiently set forth in a bill to redeem, which, in this respect, follows as closely as possible the form enacted with the St. of 1883, c. 223.

In a bill in equity to redeem land from a mortgage an averment that the defendant's testate, who devised all his real estate to the defendant for a long time before his decease, and the defendant himself during all the time since the testate's decease occupied the premises without accounting for the rents and profits, sufficiently sets forth the defendant's possession.

BILL IN EQUITY, filed September 10, 1886. The bill alleged : 1. That by a deed of mortgage dated April 2, 1877, and duly recorded, the plaintiff's intestate, Susan Munnigle, conveyed to Margaret D. Davis, of Boston, in fee simple, a certain piece of land described, with the buildings thereon, in Cambridge ; being the same premises conveyed to the said Susan Munnigle by the said Margaret D. Davis by deed of even date with said mortgage deed, and recorded therewith ; subject to redemption, upon the payment by the said Susan Munnigle, her heirs, executors, administrators, or assigns, to the said Margaret D. Davis, her executors, administrators, or assigns, the sum of one thousand dollars, in five years from the date of said deed, with interest thereon at the rate of six per cent per annum. 2. That in 1878 Susan Munnigle died intestate, leaving as her only heirs at law and next of kin Catherine T. Tripp and the said Margaret D. Davis, and that on December 28, 1885, the plaintiff was duly appointed administrator *de bonis non* of the estate of the said Susan Munnigle. 3. That on July 28, 1885, Margaret D. Davis, who was then Margaret D. Kane, died testate, devising all her real estate to Henry Kane, her husband, who was appointed executor of her will. 4. That, as executor, Kane assigned the

mortgage deed to George H. Davis, administrator of the estate of Charles C. Davis, and George H. Davis assigned the same to the defendant, Kane, by deed dated April 27, 1886, and duly recorded.   5. That default was made in the payment of principal and interest.   6. That Margaret D. Kane for a long time prior to her decease, and Henry Kane during all the time since her decease, occupied the premises, and neither of them ever accounted to the estate of Susan Munnigle for the rents and profits.   7. That on or about May 8, and again on May 20, 1886, the plaintiff requested the defendant, through E. B. Goodsell, his attorney, to render individually and as executor of Margaret D. Kane an account of the amount due on the mortgage, and of the rents and profits, but the defendant refused to do either.   8. That the value of said premises was greatly in excess of the amount due on the mortgage.   9. That the plaintiff offered to pay to the defendant what should be found due on the mortgage.   10. That at or about the time of making the request for an account, the plaintiff told the defendant, through his counsel, Mr. Goodsell, that he wished to pay the amount due on the mortgage if Kane would render him an account thereof, and that it was agreed that action on either side should be deferred till September of that year; but that Kane, before September and without notice to the plaintiff, caused a notice to be published in some newspaper, unknown to the plaintiff, that the premises would be sold for the purpose of foreclosing the mortgage on Saturday, September 11, at 10 o'clock A.M., and that the plaintiff had no actual notice of the intended sale till September 10.

The plaintiff prayed: 1. For an account of what was due to the defendant for principal and interest.   2. For an account of the rents and profits, and that the amount due be deducted from the amount due to the defendant for principal and interest. 3. For a decree that, upon the plaintiff paying to the defendant the sum (if any) found due upon the mortgage, the plaintiff should have possession of the premises discharged of the mortgage.   4. For an injunction forbidding a sale or conveyance.

The defendant demurred to the bill, because the bill was not brought in the court held for the county where the land referred to in the mortgage lay; because the plaintiff had not alleged, nor did it appear by the bill, that his intestate died seised or pos-

sessed of the land referred to in the mortgage, of any equity of redemption therein, or of any right, title, or interest therein whatsoever, or that the right of redemption was in the plaintiff; because the plaintiff made it appear that it was necessary that the estate of the defendant's late wife, Margaret D. Kane, should be represented, but no legal personal representative of Margaret was named or made a party; and because the plaintiff had not stated any such case as entitled him to discovery or relief.

The demurrer was overruled; the case was referred to a master, to whose report no exceptions were taken, and a decree was entered, conformably to the master's findings, " that there is due to the defendant on said mortgage the principal sum of one thousand dollars, and the interest thereon at the rate of six per cent per annum from July 28, 1885; that the plaintiff shall pay to the defendant the sum of one thousand dollars and interest thereon, reckoned from July 28, 1885, to the date of said payment, at the rate of six per centum per annum, less the plaintiff's taxable costs, and that thereupon the defendant shall execute and deliver to the plaintiff a discharge of said mortgage."

The defendant appealed to this court.

*E. B. Goodsell*, for the defendant.

*S. Hoar*, for the plaintiff.

ALLEN, J.  By St. 1883, c. 223, § 13, suits in equity may be brought in any county where a transitory personal action between the same parties might be brought.  The defendant contends that a bill to redeem land from a mortgage does not come within this provision, and that it can only be brought in the county where the land lies.  But such bill is clearly a suit in equity within the meaning of the statute.  This is shown conclusively by the form enacted with the statute.

The interest and title of the plaintiff are sufficiently set forth in the bill, which in this respect follows the form enacted with the statute as closely as possible.

The averment of the defendant's possession is also sufficient.

The plaintiff as administrator of Munnigle's estate is accountable to Tripp as well as to the defendant, and for this reason the further objections of the defendant will not avail.

*Decree affirmed.*