## BURKS v. BURKS.

(Court of Civil Appeals of Texas. Texarkana, Nov. 22, 1911. Rehearing Denied Dec. 7, 1911.)

1. TRIAL (§ 343*)—VERDICT—EFFECT.
   Where the issues presented by the petition and answer in trespass to try title by a mortgagor who had given a deed of land to secure a debt, involved simply the title to premises and the right of possession, and only these issues were submitted in the charge, a general verdict for plaintiff, settled in his favor the issues of title and possession only, and did not decide the question whether the mortgage on the land was due or valid or invalid.
   [Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 809–812; Dec. Dig. § 343.*]

2. MORTGAGES (§ 137*)—RIGHT OF MORTGAGOR TO POSSESSION.
   The mortgagor is considered the real owner of the property, being entitled to possession in the absence of any agreement to the contrary.
   [Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 270–276; Dec. Dig. § 137.*]

3. MORTGAGES (§ 591*)—REDEMPTION—RIGHT OF MORTGAGOR TO REDEEM.
   Where a mortgagee refuses to accept payment and extinguish the mortgage, the mortgagor may institute an action to redeem which will remove the lien of the mortgage from the premises.
   [Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 1693–1708; Dec. Dig. § 591.*]

4. PLEADING (§ 51*)—JOINDER OF ACTIONS.
   The right of a mortgagor to recover possession and to redeem are separate and independent causes of action which must be presented by appropriate pleadings, although they may be joined in the same suit.
   [Ed. Note.—For other cases, see Pleading, Cent. Dig. § 112; Dec. Dig. § 51.*]

5. PLEADING (§ 72*)—PRAYER FOR GENERAL RELIEF.
   A prayer for general relief has reference to the relief which the facts alleged would authorize, but does not entitle the plaintiff to any other.
   [Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 143, 144; Dec. Dig. § 72.*]

6. PLEADING (§ 72*)—PRAYER FOR RELIEF—STATUTES.
   Under the statute, the prayer for relief is an essential part of the petition.
   [Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 143, 144; Dec. Dig. § 72.*]

7. PLEADING (§ 274*)—SUPPLEMENTAL PETITION—PURPOSE.
   Supplemental petitions should not be used for supplying averments of fact which should have been made in the original petition.
   [Ed. Note.—For other cases, see Pleading, Cent. Dig. § 832; Dec. Dig. § 274.*]

8. JUDGMENT (§ 256*)—VERDICTS—SUFFICIENCY OF VERDICT TO SUPPORT.
   In an action by a mortgagor for the title and possession of the mortgaged premises, where his supplemental petition sought a redemption from the mortgage and the facts therein were generally denied by defendant, a general verdict for plaintiff will not, under Rev. St. 1895, art. 1335, requiring the judgment to conform to the pleadings, the nature of the case and the verdict, warrant a judgment of redemption, that issue not having been submitted to the jury in the charge.
   [Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 446–454; Dec. Dig. § 256.*]

9. APPEAL AND ERROR (§ 1172*)—MODIFICATION OF JUDGMENT.
   In an action by a mortgagor to try title, to recover possession and to redeem from the mortgage, where the verdict did not warrant a judgment that he redeem, but did warrant a judgment of possession and title, that part of the judgment awarding the mortgagor posses-

sion, and establishing his title will not be disturbed on appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4555–4561; Dec. Dig. § 1172.*]

10. MORTGAGES (§ 605*)—REDEMPTION—CONDITIONS PRECEDENT.

In an action by a mortgagor to redeem where he alleges and shows that the mortgage is due and he tenders payment and the tender has been refused, the mortgagor is not required, as a condition precedent to recover, to actually deposit the money due in court.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 1788–1794; Dec. Dig. § 605.*]

Appeal from District Court, Marion County; P. A. Turner, Judge.

Action by Sam Burks against L. A. Burks. From a judgment for plaintiff, defendant appeals. Modified and affirmed.

R. R. Taylor, Schluter & Singleton, Greer & Minor, and F. D. Minor, for appellant. T. D. Rowell, for appellee.

HODGES, J. The appellee, Sam Burks, instituted this suit in the court below in the usual form of an action of trespass to try title, asking for the recovery of the title and possession of a tract of land fully described in his pleading. The prayer of the petition was as follows: "Wherefore plaintiff prays the judgment of the court that defendant be cited to appear and answer this petition, and that on final hearing plaintiff have judgment for the title and possession of said above-described land and premises, and that a writ of restitution issue, and for rents, damages, and costs of suit, and for such other and further relief, special and general, in law and in equity that he may be justly entitled to." The appellant, defendant below, answered by general demurrer, general denial and plea of not guilty, and specially pleaded the statutes of limitation of three and five years, and concluded with a prayer for judgment, for costs and quieting her title. To this answer the appellee replied by a supplemental petition alleging, in substance, that about December 11, 1905, he was indebted to one John W. Mosley, and, desiring to procure further advances for his family, and in order to secure Mosley, he agreed to and did execute and deliver to the latter a mortgage upon the premises involved in this suit and which were at the time owned by him; that the mortgage was executed and was in the form of a deed, but that Mosley agreed that upon payment of the debt he would reconvey the land to the appellee; that in February, 1906, Mosley demanded payment of the debt, and he (Burks) being without means with which to satisfy the demand, applied to the appellant, Mrs. L. A. Burks, for a loan; that they entered into an agreement by which she advanced him the money with which to pay Mosley and took a conveyance from Mosley as security for the money thus loaned, the amount of the loan being $100; that she at the time agreed to convey the land back to him (Burks) whenever he repaid the loan together with interest at the rate of 10 per cent. per annum from date; that the appellant, Mrs. L. A. Burks, at the time of this transaction had full knowledge of the terms and conditions upon which Mosley held the deed to the land. He further alleges that he thereafter on more than one occasion tendered to the appellant full payment of the amount of the debt, and demanded a deed reconveying the title to him; that after some delay this demand upon his part was refused, and the appellant set up a claim to the absolute ownership of the premises. The supplemental petition then concludes as follows: "Plaintiff admits that he owes defendant $100 with interest on same, and admits that the deed executed to defendant by Mosley on his homestead was for the purpose of securing the payment of this money; that plaintiff is ready to pay off all he owes defendant, both principal and interest and here tenders the same into court subject to the future orders of this court. The said premises being the homestead of plaintiff, the same cannot be incumbered with a mortgage, and plaintiff prays the judgment of the court that he take his land with his costs as prayed for in his original petition," etc. To this the appellant replied by exceptions and a general denial. She further alleged that the deed from appellee to Mosley was executed in consideration of a past-due debt from Sam Burks to Mosley, and that this was the exclusive consideration. She denies that the appellee was ever in actual possession of the premises, and avers that neither Mosley nor herself ever had any notice that the appellee was claiming the premises as a homestead at the time the conveyance was made to her. She also alleges that she purchased the land in good faith from Mosley, without any notice of any homestead claim or of any equities in the land in favor of the appellee. In short, this answer pleads a purchase from Mosley in good faith for value and without notice of any equitable rights claimed by the appellee.

The court instructed the jury as follows: (1) That the written instruments executed by Sam Burks and wife to Mosley, and by Mosley to Mrs. L. A. Burks, were upon their faces deeds and sufficient to convey the premises in controversy. (2) That if the deed from Burks to Mosley was executed and delivered as security for a debt it should be construed as a mortgage; and if the deed from Mosley to Mrs. L. A. Burks was intended as a means of securing the latter in the payment of a debt it should likewise be regarded as a mortgage. (3) If the jury found that both of these were mortgages, they should return a verdict in favor of the plaintiff, Sam Burks. (4) The jury was also

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

directed to return a verdict for the plaintiff if they believed the deed from Burks and wife to Mosley was intended by the parties as a mortgage and that Mrs. L. A. Burks bought the land from Mosley, but at that time had notice that the deed to Mosley was intended merely as security for a debt. (5) To find for the defendant if a preponderance of the evidence did not show that the deed from Sam Burks and wife to Mosley was a mortgage. (6) To find for the defendant if the jury believed that the deed to Mosley was in fact a mortgage, and that Mrs. L. A. Burks bought and paid value for the land without notice of that fact. (7) To find for the defendant if the jury believe that Mrs. L. A. Burks bought the land from Mosley, and that Sam Burks agreed to the purchase. (8) The form of the verdict in case the jury found for the plaintiff should be, "We, the jury, find for the plaintiff."

The jury returned a verdict substantially in that form. Upon this the court entered a judgment in favor of the plaintiff, Sam Burks, against the defendant, Mrs. L. A. Burks, for the title and possession of the land, a personal judgment in favor of the defendant against the plaintiff for the sum of one hundred dollars and interest at the rate of 10 per cent. per annum from the 24th day of February, 1906, and in addition thereto made the following order: "It is further ordered by the court that the mortgage and lien existing on the land above described to secure the payment of the said one hundred dollars ($100.00) and interest be foreclosed, and in the event this case is not appealed to the Court of Civil Appeals, 6th Supreme Judicial District of Texas, the plaintiff, Sam Burks, shall have thirty days from the adjournment of court to tender to defendant, Mrs. Laura A. Burks, the sum of one hundred dollars ($100.00) with ten per cent. interest per annum from February 4, 1906, the date of said tender, in full satisfaction of this judgment. In the event of an appeal of this cause from this judgment to said appellate court, then in said event, the plaintiff, Sam Burks, shall have forty (40) days from the date of filing in this court of the mandate of said court to which it may be appealed in which to make tender of the said one hundred dollars ($100.00) and interest from February 24, 1906, to the date of said tender. In the event said plaintiff, Sam Burks, shall fail to tender to the said Mrs. Laura A. Burks, defendant, within forty days from the adjournment of this court, in the event this cause is not appealed, and if appealed within forty days after filing in this court the mandate from the court to which said cause may be appealed, the sum of one hundred dollars ($100.00), with interest thereon from February 24, 1906, to the date of tender, then the clerk of this court is ordered to issue an order of sale," etc. Then follow the usual directions as to the seizure and sale of the land.

Appellant objects to the portion of the judgment quoted, for the following reasons: (1) Because it did not require the plaintiff to make an absolute tender and pay the money into the registry of the court subject to its order; (2) because it was contrary to the "proof in this case" to the effect that the evidence showed the tender of a check for the sum of $137.50; (3) because the judgment left it optional with the plaintiff to pay the money, and gave him an indefinite time within which to exercise that option. These objections are embraced in the assignment, which is followed by this proposition: "The judgment of the court must conform to the pleadings, the nature of the case proved and the verdict." The proposition is but a partial quotation from article 1335 of the Revised Civil Statutes. This assignment and proposition are sufficient, perhaps, to challenge the validity of that portion of the judgment complained of upon the ground that it is not supported by the verdict; that is, it is not a judgment which the court was here empowered to render upon the particular verdict returned.

[1] The issues presented by the original pleadings of both parties simply involved the title to the premises, and the right of possession; and these were the only issues submitted in the charge of the court and passed upon by the jury. The jury was instructed to return a general verdict for the plaintiff if it found that both of the deeds referred to in the testimony were intended as mortgages, or that the one to Mosley was intended as such and that the appellant, defendant below, bought the premises with a knowledge of that fact. The general verdict rendered for the plaintiff below settled in his favor the issues of title and right of possession only. If the plaintiff below was the owner of the premises and had not parted with his title nor the right of possession, but had merely given a mortgage to secure the payment of a debt, and the mortgagee, or one who had purchased from him with notice, was asserting ownership, the plaintiff had the right to bring an action in the form he did to try the title and the right of possession.

[2] In this state the mortgagor is considered the real owner of the mortgaged property, and is entitled to the possession in the absence of some stipulations to the contrary; and he may bring an action against the mortgagee when the latter unlawfully obtains possession, or wrongfully asserts title to the mortgaged premises. Morrow v. Morgan, 48 Tex. 304; Loving v. Milliken, 59 Tex. 423; Mann v. Falcon, 25 Tex. 274. A judgment awarding title and possession to the mortgagor is not inconsistent with the continued existence and unimpaired validity of an unforeclosed mortgage held by the mortgagee.

[3] If it appeared that the instrument in controversy was in fact a mortgage held as security for a debt then due and unpaid,

but that the creditor had refused to accept payment and extinguish the mortgage, the mortgagor would have the right to institute an action to redeem his premises from the incumbrance thus continued. 3 Pomeroy, Equi. Jur. § 1219. The author above referred to says: "It is, however, a settled doctrine in all these states that the mortgagor in possession may maintain a similar equitable suit whenever, from dispute as to the amount due or any other cause, the mortgagee refuses to accept payment and discharge the mortgage. The mortgagor can always come into a court of equity and obtain a decree removing the lien of the mortgage. Although this suit is uniformly termed a suit 'to redeem,' and the relief called 'redemption,' yet it is really one to free the mortgagor's land from the incumbrance, to compel the mortgagee to accept the amount actually due, and to discharge the mortgage of record." Continuing, the same writer says, concerning the right to bring such a suit: "The essential requisites of maintaining the suit are that the mortgaged debt should be due and payable, that the mortgagor should offer to pay whatever amount is due, and should pay the same whenever ascertained and fixed by the decree, and that relief should be sought in equity." See, also, Daubenspeck v. Platt, 22 Cal. 330.

[4] The same right is recognized by numerous decisions of this state. However, the two causes of action, the right to try title and recover possession, and to redeem, are two separate and independent causes of action, and each must be presented by appropriate pleadings, while it is true that under our system both might be joined in the same suit, where the parties and the property in litigation are the same, yet that does not dispense with the necessity for pleading the facts essential to show the rights claimed and to support the particular judgments sought. Edrington v. Newland, 57 Tex. 631; Mann v. Falcon, 25 Tex. 274.

[5] If the record in this case contains any pleadings upon the part of either party sufficient to warrant the trial court in rendering that portion of the judgment complained of it must be found in the plaintiff's supplemental petition, and in that part which has been literally quoted. There was no allegation in that pleading that the debt is due, and the prayer for relief is, to say the least, ambiguous and uncertain. The language of the prayer is, "and plaintiff prays the judgment of the court that he *take his land* with his costs as prayed for in his original petition," etc. The judgment prayed for in the original petition was "for the title and possession of the said above described land and premises, and that a writ of restitution issue, and for rents, damages, and costs of suit," and for general relief. The prayer for general relief in the original petition must be held to have reference to the relief which

the facts there alleged would authorize and no other. Jordan v. Massey, 134 S. W. 804.

[6] Under our statute the prayer for relief is an essential part of the petition. Jordan v. Massey, supra, and cases there cited.

[7] The difficulty of resolving this ambiguity of meaning in favor of that construction which would make the supplemental petition form the basis of an independent cause of action is increased when the rules adopted for the regulation of pleading are considered. Supplemental petitions are not designed for supplying averments of fact which should have been made in the original petition. Townes' Pleading, pp. 309, 321. If by reason of this uncertainty it may properly be held that there are no pleadings in the record which would authorize the court to render a judgment which in effect grants the right of redemption to the plaintiff in the action, that portion of the judgment, at least, is fundamentally erroneous. Edrington v. Newland and Mann v. Falcon, supra. But conceding that the pleading is sufficient to form the basis of the judgment rendered, still another difficulty arises, and that is the failure of the jury to pass upon the facts essential to warrant that character of relief.

[8] Article 1335 of the Revised Civil Statutes is as follows: "The judgment of the court must conform to the pleadings, the nature of the case proved and the verdict, if any, and shall be so framed as to give the party all the relief to which he may be entitled either in law or in equity." Giving to the pleadings of the plaintiff that construction which is necessary to sustain a judgment of the kind here being considered, it may be said that they asserted the existence of a debt secured by a mortgage upon the premises involved, that the debt was due, that the plaintiff had tendered payment, and that this had been refused. In view of the fact that proceedings instituted for redemption are considered adversary in their nature, and may be resisted by the mortgagee, the general denial interposed by the defendant below in her supplemental answer put those facts in issue, and required their submission to the jury in a jury trial, and a finding one way or another by the jury before the court could enter a judgment thereon. Ablowich v. Bank, 95 Tex. 429, 67 S. W. 79, 881; Waller v. Liles, 96 Tex. 21, 70 S. W. 17; Allen v. Allen, 101 Tex. 362, 107 S. W. 528; May v. Taylor, 22 Tex. 349; Darden v. Taylor, 126 S. W. 944; McKey v. Welch, 22 Tex. 396. In the second case above referred to, in discussing Ablowich v. Bank, the court said: "It is deducible from the ruling that the findings of the jury upon the issues made by the pleadings in the case, although against the undisputed evidence, or without evidence to support them, cannot be disregarded, but must constitute the only basis upon which any proper judgment can be rendered." In the Ablowich Case the Supreme Court was

considering the power of the trial court to render a judgment upon an issue which had been submitted but upon which no specific finding had been made. In May v. Taylor, supra, which is later cited with approval by the Supreme Court, one feature of the situation was not materially unlike that here presented. There the question was whether the court had authority to enter a judgment upon facts not submitted to the jury nor passed upon by it. Judge Roberts said: "The province of the verdict is to declare the facts upon which the judgment is to be predicated. The existence of the mortgage as well as the note was put in issue, and the entire omission of a finding upon the mortgage is fatal to the judgment so far as it relates to the mortgage." The legal effect of that part of the trial court's decree wherein a personal judgment is rendered in favor of the defendant against the plaintiff for the debt referred to in the pleadings, allowing the plaintiff a specified length of time in which to pay the same, and in the event of failure directing a sale of the premises as in foreclosure proceedings, was to provide for the extinction of the debt and removal of the incumbrance. It may be that the defendant below did not want that done. Her pleadings unqualifiedly challenged the truth of the facts upon which such a judgment must rest, and no alternative relief was sought by her. Nor is that all. She brings that portion of the judgment to this court on appeal, and here assails it upon the ground that it is not responsive to the verdict.

[9] We sustain the objection, for the reasons stated; but we do not consider it necessary to disturb that portion of the judgment disposing of the issue of title to the premises, in as much as it relates to a separable controversy, and is not complained of except upon the ground that the evidence was insufficient. While it is true the evidence was conflicting, still we think it is sufficient to sustain the finding of the jury upon that issue. It may be proper to say in passing, that we do not regard some of the specific objections urged in the assignment first considered as tenable.

[10] Where the mortgagor resorts to the equitable action of redemption, and alleges and proves that the debt is due, and that he has tendered payment and this has been refused by the mortgagee, the mortgagor is not required, as a condition upon which he may recover, to actually make profert in curia of the money due. It is sufficient if he offers in his pleading to do equity by paying to the creditor whatever sum may be found to be due. 2 Jones on Mort., § 1095; 17 Ency. Plead. & Prac. pp. 967, 968; Baumann v. Pinkney, 118 N. Y. 604, 23 N. E. 916; Potter v. Schaffer, 209 Mo. 586, 108 S. W. 60. It would seem that this rule is especially applicable where the mortgagee persists in his refusal to accept payment and is asserting title to the property upon which the mortgage lies. Luckett v. Townsend, 3 Tex. 127, 49 Am. Dec. 723.

The judgment in this case will be reformed by eliminating that portion embraced within the assignment of error considered, and as reformed will be affirmed.